UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

BESAM BASHWIE,

                 Petitioner,

v.                                          Civil No. 2:26cv391

TODD LYONS, *ICE Director,*
et al.,

                 Respondents.

## MEMORANDUM ORDER

Before the Court is Besam Bashwie's ("Petitioner") Petition for Writ of Habeas Corpus (the "Petition"), filed pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner, who has been in immigration custody subject to a <u>final</u> removal order since November 26, 2025, argues that his removal is not reasonably foreseeable as the six-month "'presumptively reasonable period of detention'" has expired and Respondents "are unable to remove Petitioner." ECF No. 1, at 5-7 (quoting <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001)).

Respondents oppose the Petition, representing that Immigration and Customs Enforcement ("ICE"), Enforcement and Removal Operations ("ERO"), submitted "an application for a travel document to [Petitioner's home country of] Ethiopia along with Petitioner's expired Ethiopian passport" on January 20, 2026. ECF No. 5-1, at 4. Respondents further report that, on March 31, 2026, and again on April 29, 2026, "ERO reached out to check on the status of the travel document." <u>Id.</u> at 5.

Notwithstanding ERO's affirmative steps seeking an update on the travel document request in late March and late April, as of May 6, 2026, ERO was still "awaiting a reply." Id. Accordingly, on May 26, 2026, this Court issued an Order directing Respondents to file a supplement updating the Court on the progress of their removal efforts. ECF No. 7, at 1-2. On June 2, 2026, ERO filed a supplemental brief with an attached declaration reporting that "the Removal Management Division ('RMD') of ICE ERO has met with representatives of the Ethiopian government" who reported that Ethiopia "will prioritize travel documents with copies of passports." ECF No. 8-1, at 3. Because "Petitioner's application for his travel documents included a copy of his passport," the declaration indicated that "ERO expects the travel document to be issued th[at] week or next week." Id.

On June 18, 2026, approximately a week after the latest date that ERO represented that it expected to receive travel documents, this Court issued a second Order instructing Respondents to file a factual update. ECF No. 10. In that Order, the Court rejected Petitioner's suggestion that Respondents' prior supplement was wholly "conclusory," but "acknowledge[d] that Respondents' statements [we]re somewhat inexact and d[id] not provide a clear explanation as to why" they were expecting Petitioner's travel documents to arrive imminently. Id. at 2-3; cf. Edin v. Blanche, No. C26-1208-MLP, 2026 WL 1256141, at *4 (W.D. Wash. May 7, 2026)

2

(explaining that the Ethiopian Embassy's "vague timeline for travel documents generally" was not persuasive and noting the absence of an expected "timeline specific to Petitioner"). The Court therefore provided Respondents another opportunity to supplement the record, specifically ordering that Respondents "**SHALL INFORM** the Court of any case-specific information they have received from their Ethiopian contacts (if any) regardless of whether this information suggests a shorter or longer timeline for Petitioner's removal." ECF No. 10, at 3. Respondents' supplement was due on or before July 2, 2026, a full month after Respondents' first factual supplement.

On July 2, 2026, Respondents filed a three-sentence brief in response to the Court's Order. The brief does not include a declaration as an exhibit setting forth new admissible facts. Rather, the brief merely provides a proffer from counsel stating that ICE has sent additional requests to Ethiopian authorities, including as recently as June 29, 2026, but has "received no response." ECF No. 12, at 1. Respondents' limited filing does not offer any explanation as to why they previously represented that travel documents were expected by the week ending June 12, 2026.

Because Respondents' second supplement was filed less than a week ago, Petitioner has not had sufficient time to file a reply. However, in light of the cursory nature of Respondents' limited

3

second supplement, there is not a valid basis to further delay the resolution of the Petition while the Court awaits a supplemental reply.

As of the date of this Order, Petitioner reports that he has been in immigration custody for twenty-two months, and he has been subject to a final order of removal for a period approaching seven and a half months. While Respondents submitted a request for travel documents to Ethiopian authorities in January of this year, they have been unable to provide any factual updates suggesting that progress has been made on Petitioner's removal during the last six months. Nawabi v. Trump, No. CV 25-3831-TDC, 2026 WL 1584489, at *12 (D. Md. June 3, 2026) (ordering "release[] from detention pursuant to Zadvydas" in a case where "Respondents have been unable to obtain a travel document during the most recent six months of detention and have provided no basis to explain the delay or to expect that the travel document will be forthcoming in the near future"). Furthermore, ERO appears unable to even obtain a response from Ethiopian authorities when it inquires about the status of its months-old request. Petitioner has therefore carried his burden to offer "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," which suggests that his continued detention violates due process. Zadvydas, 533 U.S. at 701 (establishing a six-month presumptively reasonable period for removal); see Castaneda v.

4

Perry, 95 F.4th 750, 760 (4th Cir. 2024) ("[T]he Zadvydas standard is due process . . . .").

In response, Respondents' best case-specific evidence is that they submitted a travel document request nearly six months ago and continue to ask about its status. While Respondents previously provided an estimate that travel documents would be received by the week ending June 12, 2026, they have failed to provide any factual basis for such estimate, and such date passed several weeks ago without documents being issued. Respondents' most recent update on their progress, taking the form of a proffer from counsel, only further underscores Respondents' failure to obtain any new information from Ethiopian authorities. Respondents have thus failed to rebut Petitioner's showing, as they fail to present any likelihood that removal will occur in the reasonably foreseeable future.[1] See Zadvydas, 533 U.S. at 701 (indicating that once a non-citizen "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing," and that "as the period of prior postremoval confinement grows, what counts as the 'reasonably

---

[1] The Court recognizes that Respondents have recently taken steps to obtain a progress update from Ethiopia, but the statutory removal period is "90 days," 8 U.S.C. § 1231(a)(1)(A), and the Zadvydas presumed reasonable removal period affords "Executive leeway" by providing a second 90-day period during which removal is still presumed to be occurring on a reasonable timeline. Zadvydas, 533 U.S. at 700. Here, however, more than six additional weeks have passed after the six-month presumed reasonable period and Respondents can report no progress whatsoever on their removal efforts.

5

foreseeable future' conversely would have to shrink"); Lee v. Crawford, No. 2:25cv535, 2026 WL 745263, at *5 (E.D. Va. Feb. 27, 2026), report and recommendation adopted, No. 2:25cv535, 2026 WL 738591 (E.D. Va. Mar. 16, 2026) (finding that the respondents failed to rebut the petitioner's showing in a case where "Respondents have identified no travel document that has issued, no scheduled interview with consular officials, no affirmative communication from [foreign] authorities indicating progress, and no projected timeline for removal," with the record instead "reflect[ing] only pending requests and an open-ended expectation of a response at some unknown point").

After having an opportunity to twice supplement the record, Respondents have failed to rebut Petitioner's case-specific showing that there is "good reason to believe" that he will not be removed to Ethiopia, or anywhere else, in the reasonably foreseeable future. Accordingly, Petitioner's § 2241 motion seeking release is **GRANTED, effective July 10, 2026.** See Nawabi, 2026 WL 1584489, at *12 ("[C]ourts regularly order petitioners released when, as here, there were significant delays or other problems in obtaining valid travel documents from their countries of origin that caused the presumptively reasonable six-month period of detention to fully or nearly elapse.").

To ensure both respect for due process and the protection of the public, **Petitioner SHALL BE RELEASED from custody on such**

6

**lawful conditions of release** as federal Respondents deem appropriate.  <u>Zadvydas</u>, 533 U.S. at 700 (noting that release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances").

The Clerk is **REQUESTED** to forward a copy of this Memorandum Order to Petitioner and to counsel for Respondents.  Additionally, a copy shall be sent to Edward Joseph, Esq., 503 D Street N.W., Suite 120, Washington, DC 20001, and to the Clerk of the Superior Court of the District of Columbia, with a reference to case number 2023 CF2 008964.[2]

**IT IS SO ORDERED.**

_____ /s/ _____
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
July 8 , 2026

---

[2] Petitioner recently filed a factual supplement in this case that includes a letter from Mr. Joseph, an attorney who represents Petitioner in a criminal matter (alleged Theft) pending in the Superior Court of the District of Columbia.  ECF No. 13, at 3.  According to Mr. Joseph's letter, dated June 23, 2026, Petitioner was unable to appear for a court hearing in September of 2024 due to his immigration detention and the presiding Superior Court Judge issued a bench warrant to serve as a detainer.  <u>Id.</u>

7